**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jason Dorian JONES, Defendant–Appellant.**

No. 05–7054.

United States Court of Appeals, Fourth Circuit.

Submitted May 16, 2006.

Decided May 18, 2006.

Jason Dorian Jones, Appellant Pro Se. Frank DeArmon Whitney, United States Attorney, Raleigh, North Carolina, for Appellee.

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jason Dorian Jones seeks to appeal the district court's order and judgment dismissing without prejudice his 28 U.S.C. § 2255 (2000) motion because it was successive. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude Jones has not made the requisite showing.

Additionally, we construe Jones' notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. *See United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Jones'

claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize Jones to file a successive § 2255 motion, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*